The opinion of the court was delivered by
Gibson, J.
Although nine errors are assigned, there is really *118 but one point in the cause. This practice of putting the same point in a variety of ways leads to a waste of time, and a silly repetition of the same arguments, and imposes an unnecessary burden on the judges of this court, (already tasked beyond the power of performance,) in seeking for two grains of wheat in two bushels of chaff. It is, however, but fair to say, that in this cause the counsel conducted the argument with great propriety; and it is to be understood thát I speak of the practice generally, when I say it c^lls for severe reprehension. It is indefensible on the score even of caution, or a prudent attention to assigning the errors in such a way as to give the party the benefit of every sort of exception; for surely no counsel is so ignorant as to be unable to discern the substantial points of his cause, and if these be against him no turning or twisting, or shifting or management, will make them better. Here the plaintiff in error has one good point, and he should have been content to avail himself of substance without catching at shadows. It seems the validity of the will under which the plaintiff claims, was at one time disputed, but the parties agreed that all objections should be withdrawn, in consideration of five hundred dollars to be secured to the plaintiff by promissory notes drawn by the defendant. The notes were in fact drawn, and the plaintiff signed a paper in which he acknowledged that he had received them to be in full, “ when paid,” of all demands against the estate of the testator; and the court directed the jury that this was a substitution of the personal responsibility of the defendant, even before the notes should be paid, for the responsibility of the estate. In this there was such glaring error as to render further remark unnecessary. The judgment therefore is reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.